## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOUCH AMERICA HOLDINGS, INC., | ) Bankr. No. 03-11915-KJC |
| et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Civ. No. 09-084-SLR |

### MEMORANDUM ORDER

At Wilmington this 24th day of February, 2009, having reviewed the emergency

motion for stay pending appeal filed by Milbank, Tweed, Hadley & McCloy LLP

("Milbank") and the papers filed in connection therewith, and having heard oral

argument on the same;

IT IS ORDERED that said motion (D.I. 1) is denied, for the reasons that follow:

1. **Standard of review.** A party seeking a stay pending appeal must prove, by

clear and satisfactory evidence, that (a) it is likely to prevail on the merits of its appeal;

(b) it will suffer irreparable injury absent a stay; (c) a stay will not cause substantial

harm to other interested parties; and (d) a stay will not harm the public interest. *See*

*Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.

1991). Although none of the above factors is determinative, courts rarely exercise their

discretion in favor of a moving party who has failed to demonstrate a likelihood of

success on the merits or irreparable harm. With respect to the former, a movant must

demonstrate that it has "a substantial issue to raise on appeal." *In re Countrywide*

*Home Loans, Inc.*, 387 B.R. 467, 480 (Bankr. W.D. Pa. 2008). With respect to the

latter, equitable mootness of an appeal, without more, does not constitute irreparable

harm. *See in re Global Home Products LLC*, Civ. No. 06-508-JJF, 2008 WL 2381918
(D. Del. Aug. 17, 2006).

2. **Background.** Milbank retains various legal files from its representation of the
Montana Power Company ("Montana Power").  Montana Power no longer exists as a
corporate entity.  Through a series of corporate transactions which are not in dispute,
Montana Power's utility business was sold to North Western Corporation ("North
Western"), while Montana Power's telecommunications business remained under the
"Touch America" umbrella.  Both the Touch America entities and North Western filed for
bankruptcy protection in the years following the restructuring.

3. The restructuring has spawned litigation.  First, a group of shareholders filed
a class action lawsuit in the United States District Court for the District of Montana.
Second, and in connection with Touch America's bankruptcy case, the Official
Committee of Unsecured Creditors ("the Committee") filed an adversary proceeding in
the bankruptcy court against two groups of defendants - Montana Power's former
officers and directors and the Montana plaintiffs - seeking to enjoin the latter from
prosecuting their claims against the former (as well as against Milbank and various
other defendants) on the ground that the claims asserted by the shareholders belong to
Touch America.  The Montana case has been stayed pending the bankruptcy court's
determination of claim ownership.

4. Pursuant to a chapter 11 plan of liquidation, confirmed in October 2004, the
"Plan Trust" was established and replaced the Committee as the party pursuing the
adversary proceeding against the Montana plaintiffs.  Also in October 2004, the Plan
Trust filed a lawsuit against Milbank (and others) in state court in Montana, which suit

2

was removed to federal court.

5. With this background in mind, the Plan Trust filed a motion to compel the turnover of documents. Although Milbank turned over approximately 275,000 pages of documents in response to the motion,[1] it refused to turn over an unknown[2] quantity of documents related to matters for which Milbank represented only Montana Power, the theory being that the Touch America entities were not the client for these matters and, therefore, had no right of access. Although (for reasons unknown to me) the above proposition has not been tested through discovery or otherwise, the Plan Trust tried another tactic to gain access to the documents, that is, through North Western, Montana Power's successor and, therefore, Milbank's successor client. A settlement agreement reached with North Western states that North Western "consents to the Plan Trustee's full and complete access to and right to obtain copies of any and all documents in the possession, custody or control of Montana Power's former officers, directors, professionals and/or service providers related to effecting the Generation Asset Sale, Divestiture and/or Restructuring." (D.I. 1 at 11)

6. Milbank continues to refuse to disclose such documents, based on the proposition (as I understand it) that 11 U.S.C. § 542(a) and (e) require turnover of only property belonging to the debtor and that these documents are not the property of the Touch America entities. Further, because North Western has not demanded the

---

[1]It was agreed that the Plan Trust was entitled to documents relating to matters in which Milbank jointly represented Montana Power and the debtor entities.

[2]To the best of my knowledge, no log has been produced nor *in camera* inspection made, so there is no record at this juncture of how many or what kind of documents remain in Milbank's custody.

3

turnover of its files to the Plan Trust, Milbank is not required to comply because it has a "zone of privacy" protected by the work product doctrine.

7. **Analysis.** Clearly, the bankruptcy overlay to this dispute has muddied the waters to the point where a simple matter has become a convoluted issue with no clear guidance from the case law. Black letter law directs that the attorney-client privilege belongs to the client and that the privilege can be waived voluntarily by the client. Milbank concedes that North Western is the successor client to Montana Power; by consenting to the "full and complete access" to its client files, North Western has waived its privilege. If Milbank claims protection under the work product doctrine, it has the burden of so proving, since such privileges are not favored in the law. Milbank has made no apparent effort to do so. Therefore, the bankruptcy court was correct in ordering Milbank to produce the disputed legal files and Milbank has failed to raise a substantial question for appeal.

8. Assuming, for purposes of this proceeding, that it is necessary to insert these fundamental legal principles back into the bankruptcy context, I find that the plain language of § 542(e)[3] is broad enough to cover the circumstances of record. Therefore, I find that Milbank has failed to raise a substantial question for appeal.

United States District Judge

---

[3]"Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, **relating to the debtor's property or financial affairs,** to turn over or disclose such recorded information to the trustee." (Emphasis added)

4